UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN BAILEY MILLIGAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO.  C17-5036-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Jonathan Bailey Milligan appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 46-year-old man with a high school diploma and training as a mortgage loan officer.  Administrative Record ("AR") at 245.  His past work experience includes employment as a janitor, mortgage loan officer, mortgage loan processor, and sales associate.  AR at 232.  Plaintiff was working at the time of the administrative hearing, but the ALJ found that this work did not amount to substantial gainful activity.  AR at 21.

REPORT AND RECOMMENDATION - 1

In August 2012, Plaintiff filed an application for DIB, alleging an onset date of November 20, 2010. AR at 214-15. Plaintiff asserts that he is disabled due to a back injury and related back problems. AR at 244.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 102-04, 106-07. Plaintiff requested a hearing, which took place on April 15, 2015, and July 22, 2015. AR at 35-78. On August 21, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform his past relevant work, as well as other jobs existing in significant numbers in the national economy. AR at 19-29. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On January 19, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Milligan bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

REPORT AND RECOMMENDATION - 3

§§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

V.   DECISION BELOW

On August 21, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

2. The claimant has engaged in work activity since November 20, 2010, the alleged onset date, but this work is not substantial gainful activity.

3. The claimant has the following severe impairments: lumbar spine degenerative disc disease (DDD), status post discectomy with cauda equine syndrome repair; obesity; and mild obstructive sleep apnea.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b). He can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8- hour workday. However, he needs an opportunity to change positions and stretch at the work station every 30 minutes. He may sometimes need to use a cane to ambulate. He can occasionally stoop, crouch, crawl, and climb ramps and stairs. He cannot climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to vibration and hazards in the workplace, such as moving machinery and unprotected heights.

6. The claimant is capable of performing past relevant work as a fast food services manager; a financial report services sales agent; a mortgage loan processor; and a loan officer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 20, 2010, through the date of this decision.

AR at 21-29.

//

//

//

REPORT AND RECOMMENDATION - 5

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in finding that Plaintiff did not meet or equal Listing 1.04; and

2. Whether the ALJ erred in assessing Plaintiff's RFC.

Dkt. 23 at 2.

## VII.   DISCUSSION

A.   <u>The ALJ did not err at step three.</u>

Plaintiff argues that the ALJ erred in finding at step three that he did not meet or equal Listing 1.04, pointing to evidence that he contends satisfies requirements of the listing. For the reasons explained below, the Court should reject Plaintiff's argument that the ALJ erred at step three.

1.   *Legal standards*

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (emphasis in original); 20 C.F.R. § 416.926(a).

REPORT AND RECOMMENDATION - 6

In order to meet Listing 1.04, for spine disorders, a claimant must (1) meet the requirements of the introductory paragraph at Listing 1.00, (2) show that his or her condition resulted in "compromise of a nerve root (including the cauda equine) or the spinal cord", and (3) satisfy one of the following additional requirements:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

> 2. *The ALJ did not err in finding that Plaintiff had not shown that he satisfied Listing 1.04*

The ALJ found that Plaintiff did not meet Listing 1.04 because

> [t]he record does not contain evidence showing compromise of a nerve root or the spinal cord, neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, or positive straight-leg raising test (sitting and supine), for 12 continuous months.

AR at 21-22. Plaintiff argues that this finding is erroneous because he reported "radicular pains limiting function" in December 2011, had positive straight leg raises on four occasions between June 2012 and March 2013, and was consistently found to have a reduced range of spinal motion. Dkt. 23 at 5 (citing AR at 587, 639, 680, 685, 686).

As noted by the Commissioner, the evidence cited by Plaintiff is insufficient to

REPORT AND RECOMMENDATION - 7

establish that he meets Listing 1.04. *See* Dkt. 25 at 3-4. For example, Plaintiff has not identified any evidence that he had compromise of a nerve root or the spinal cord, which is a threshold requirement for Listing 1.04. Plaintiff did not file a reply brief. Because Plaintiff has not shown that he meets all of the requirements of Listing 1.04, and has offered no argument or theory as to why he medically equals those requirements, Plaintiff has failed to show that the ALJ erred in finding that he did not meet or equal Listing 1.04.

B.    <u>The ALJ did not err in assessing Plaintiff's RFC.</u>

Plaintiff argues that the ALJ erred in finding him capable of performing light work, given the opinion evidence indicating that he should be limited to sedentary work. Dkt. 23 at 6. He also alleges that he required the need to change positions every 5-10 minutes, rather than every 30 minutes as found by the ALJ, and would need to move around before resuming work. *Id*. Finally, Plaintiff contends that he required a daily nap at 1 p.m., and his deficits in concentration, memory, and social interaction would preclude work. Dkt. 23 at 7. For the reasons explained herein, Plaintiff has failed to show that the ALJ erred in assessing Plaintiff's RFC.

1.    *Legal standards*

RFC is the most a claimant can do considering his or her limitations or restrictions. *See* Social Security Ruling ("SSR") 96-8p. The ALJ must consider the limiting effects of all of a claimant's impairments, including those that are not severe, in determining his or her RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p. An RFC must include all of the claimant's functional limitations supported by the record. *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). An RFC assessment (or vocational hypothetical) need not account for limitations or impairments that the ALJ properly rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir.

REPORT AND RECOMMENDATION - 8

2015) (holding that where a claimant is not credible, an ALJ need not account for limitations established only by a claimant's self-report in a vocational hypothetical).

    2.    *Light v. sedentary work*

Plaintiff points to a variety of evidence indicating that he is limited to sedentary work. *See* Dkt. 23 at 6 ("Mr. Milligan's lifting and mobility restrictions dictate a finding that he is able to perform at the sedentary work level.").

Even if this is true, the ALJ identified two prior sedentary jobs (mortgage loan processor and loan officer) at step four that Plaintiff can perform, as well as two additional sedentary jobs at step five that Plaintiff can perform. *See* AR at 27-28 (describing four sedentary jobs that Plaintiff can perform). Thus, even if Plaintiff is as limited as he claims to be, the ALJ's decision nonetheless supports a finding of non-disability.

    3.    *Other limitations not included in the RFC assessment*

Plaintiff has also failed to show that the ALJ erred in failing to include other limitations. Plaintiff notes that he was "observed" to change position every 5-10 minutes, but an observation of this conduct does not establish that he required this accommodation. Dkt. 23 at 6 (citing AR at 617). RFC references the most a claimant can do, and this evidence does not speak to the most Plaintiff can do.

Plaintiff cites no evidence indicating that he would need to move around after changing position, before resuming work. Dkt. 23 at 6. Such a restriction may be disabling, consistent with the vocational testimony (AR at 75-76), but the evidence does not establish that Plaintiff requires this restriction.

Plaintiff also alleges he requires a daily nap at 1 p.m., and has deficits as to concentration, memory, and social functioning, but the only evidence he cites to support this assertion is his own hearing testimony. Dkt. 23 at 7 (citing AR at 54, 61-62, 68, 70). The ALJ

REPORT AND RECOMMENDATION - 9

provided several reasons to discount Plaintiff's subjective testimony (AR at 26), and Plaintiff does not challenge any of this reasoning. Specifically, the ALJ found that Plaintiff's allegations of disabling limitations were undermined by his ability to work during most of the adjudicated period and his conservative, over-the-counter treatment for his pain. AR at 26. These unchallenged reasons to discount Plaintiff's subjective symptoms supports the ALJ's exclusion of limitations established only by his testimony. *See Bayliss*, 427 F.3d at 1217-18; *Britton*, 787 F.3d at 1013-14.

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be AFFIRMED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **January 22, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 26, 2018**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 8th day of January, 2018.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge